IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Derma Pen, LLC, | : | Case No. 14-11894 (KJC) |
| | : | |
| | : | Obj. Deadline:  Nov. 17, 2014 at 10:00 a.m. |
| Debtor | : | (Requested) |
| | | Hearing Date:  Nov. 19, 2014 at 10:00 a.m. |
| | | (Requested) |

**UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
CONVERTING OR DISMISSING THE CHAPTER 11 CASE**

Roberta A. DeAngelis, the United States Trustee for Region 3, by and through her undersigned counsel, hereby moves for entry of an order converting or dismissing this chapter 11 case (the "Motion"), and in support thereof states as follows:

**PRELIMINARY STATEMENT**

1. This case should be converted to chapter 7 or dismissed. It appears that the main purpose of the Debtor's filing was to stay the litigation pending in the United States District Court for the District of Utah. In addition, the Debtor intends to sell substantially all of its assets and the proposed sale procedures are very problematic, and opposed by the largest creditor. The expenses incurred in administering this case are resulting in a net loss to the Debtor's operations. These circumstances constitute a "continuing loss to or diminution of the Debtor's estate and the absence of a reasonable likelihood of rehabilitation" under 11 U.S.C. § 1112(b)(4)(A). The various factors suggest that the Debtor's filing was not in good faith. Based on these grounds, this Court should either convert the Debtor's case to a case under chapter 7 or dismiss the case, whichever is in the best interests of the creditors and the estate pursuant to 11 U.S.C. § 1112(b)(1).

1

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to this Motion.

**BACKGROUND**

4. On August 8, 2014, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. As of this date, the U.S. Trustee has not appointed a statutory committee of unsecured creditors.

6. On August 11, 2014, creditors 4EverYoung Limited ("4EverYoung") and Stene Marshall ("Marshall") filed a motion for relief from stay (the "Stay Relief Motion")(Docket No. 8).[1]  The Stay Relief Motion seeks to terminate the automatic stay with respect to a lawsuit commenced in June 2013, which is pending in the United States District Court for the District of Utah styled as *Derma Pen, LLC v. 4EverYoung Limited and Stene Marshall et al.*, 2:13-cv-00729 (the "Utah Lawsuit"). The Utah Lawsuit involves, among

---

[1] A decision on the Stay Relief Motion is currently pending.

others, claims related to fraudulent inducement and rescission of the Standard Distribution Agreement ("SDA") executed by the Debtor and 4EverYoung. The SDA requires the Debtor to offer and sell to 4EverYoung the US DERMAPEN trademark and the www.dermapen.com domain name upon termination of the SDA. The Debtor provided notice of its intention not to renew the SDA on May 30, 2013, with an effective date of termination on August 1, 2013. 4EverYoung's counterclaims include a claim for specific performance of the SDA that would allow 4EverYoung to purchase the trademark and domain name under the terms of the SDA. The Utah Action was scheduled to go to trial on August 11, 2014, but was stayed by the Debtor's bankruptcy filing on August 8, 2014. See Stay Relief Motion, ¶ 13-20.

7. The Debtor filed its Schedules and Statements on September 2, 2014 (Docket No. 56). Amendments to the Schedules and Statements were filed on October 6, 2014 and October 24, 2014 (Docket Nos. 129 and 175). The Debtor's most significant asset is the Derma Pen trademark and URL, valued by the Debtor at $6 million. Total assets are listed as $6,203,011.97.

8. The Schedules list liabilities totaling $1,712,883.36. Of this amount, $580,284.90 is listed as secured debt in favor of Michael Anderer. Schedule E unsecured priority debt totals $187,036.36. Schedule F unsecured debt totals $945,512.10, of which $656,353.44 is owed to two law firm creditors.

9. On October 20, 2014, the Debtor filed a motion seeking approval of bidding procedures to sell substantially all of its assets (the "Bidding Procedures Motion").[2] The proposed stalking horse purchaser is Michael Anderer, the Debtor's secured lender and an

---

[2] The Bidding Procedures Motion was originally scheduled on shortened notice for hearing on November 5, 2014. At the hearing, the Debtor requested an adjournment until December 1, 2014 since the Debtor and the proposed stalking horse were unable to reach agreement on an APA.

insider of the Debtor.    Mr. Anderer has offered to pay $1,080,000 for the Debtor's assets, consisting of a $530,000 credit bid and cash of $550,000.    (Bidding Procedures Motion, p. 3).

10.    On November 3, 2014, the U.S. Trustee and 4EverYoung each filed objections to the Bidding Procedures Motion.    The objections asserted several grounds, including the short time line proposed for the sale and the lack of information on marketing of the assets, suggesting that the Debtor has not independently marketed the assets or retained any professionals to assist in this regard.    The Debtor has still not filed an APA that identifies with particularity the assets that will be sold.

11.    On October 28, 2014, 4EverYoung and Stene Marshall filed their Motion to Dismiss the Chapter 11 Case Pursuant to Bankruptcy Code Section 1112(b) (Docket No. 179), which is scheduled for hearing on November 19, 2014 ("Motion to Dismiss").[3]    Among other reasons, the movants argue that the case should be dismissed due to lack of good faith because it is a two party dispute filed on the eve of a jury trial, the outcome of which would have determined the rights of the parties to the trademark and domain name.    In addition, 4EverYoung and Marshall allege that the filing is either an attempt (i) to transfer the trademark and domain name to Mr. Anderer or (ii) to delay the efforts of the movants to obtain the trademark and domain name while the Debtor completes efforts to set up a competing business.    The U.S. Trustee understands that discovery on these allegations is ongoing and reserves the right to supplement this Motion once discovery is complete.

---

[3] 4EverYoung's Motion to Transfer Venue to the District of Utah is also scheduled for hearing on November 19, 2014.    In addition, on October 29, 2014, 4EverYoung and Stene Marshall filed their Motion to Appoint an Examiner Pursuant to Bankruptcy Code Section 1104(c)(1) (the "Examiner Motion"), which is intended as alternative relief to their Motion to Dismiss.    At the November 5, 2014 hearing, the Court indicated that it did not intend to hear the Examiner Motion on November 19, 2014, but that the Examiner Motion could be listed on that date for scheduling purposes only.

**ARGUMENT**

12. Section 1112(b) of the Bankruptcy Code provides that if the movant establishes cause, the court shall, after notice and a hearing, convert a case to Chapter 7, or dismiss a case, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1).

13. Pursuant to 11 U.S.C. §1112(b)(4), "cause" includes: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (§ 1112 (b)(4)(A). Pursuant to Bankruptcy Code section 102(3), "includes" and including" are not limiting. Thus, cause for conversion or dismissal may exist beyond the various examples cited in 11 U.S.C. § 1112 (b)(4), such as lack of good faith. See *In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999).

14. Whether the case should be converted or dismissed is in the court's sound discretion and is based on what is in the best interest of the creditors and the estate. *In re Shockley*, 197 B.R. 677, 679 (Bankr. D.Mont. 1996); *In re Mechanical Maintenance*, 128 B.R. 382, 386 (Bankr. E.D.Pa. 1991). The purpose of 11 U.S.C. § 1112(b) is to "preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *In re Lizeric Realty Corp.*, 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995) (quoted in *Loop Corp. v. United States Trustee (In re Loop Corp.)*, 379 F.3d 511, 516 (8th Cir. 2004)). "Under the interpretation of § 1112(b)(1) consistently used in bankruptcy courts, [a] negative cash flow situation alone is sufficient to establish 'continuing loss to or diminution of the estate.'" *Loop Corp. v. United States Trustee (In re Loop Corp.)*, 379 F.3d 511, 515-516 (8th Cir. 2004). In this case, while the Debtor's business operations are cash positive, professional fees and other reorganization expenses are resulting in a net loss to the Debtor. *See* September 2014 Monthly Operating Report (Docket No. 174).

With the prospect of extensive litigation in this case, as well as the absence of a signed asset purchase agreement, it appears that there is no likelihood of rehabilitation of the debtor's business or its financial affairs in chapter 11. Under such circumstances, this Court should exercise its discretion to convert the above-captioned case to a case under chapter 7 or dismiss this case, as it cannot be disputed that "cause" exists to convert or dismiss this case.

15. In addition to the factors listed at section 1112(b), a case may be subject to dismissal for cause if it is not filed in good faith. See *In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999). The determination of good faith is "committed to the sound discretion of the bankruptcy court or district court and will be reviewed for abuse of discretion." *Id*. In *In re Primestone Investment Partners L.P.*, 272 B.R. 554, 557 (D. Del. 2002), the court set forth several factors to consider in conducting a good faith analysis:

(a) Single asset case;
(b) Few unsecured creditors;
(c) No ongoing business or employees
(d) Petition filed on eve of foreclosure;
(e) Two party dispute which can be resolved in pending state court action;
(f) No cash or income;
(g) No pressure from non-moving creditors;
(h) Previous bankruptcy petition;
(i) Postpetition conduct was improper;
(j) No possibility of reorganization;
(k) Debtor formed immediately prepetition;
(l) Debtor filed solely to create automatic stay; and
(m) Subjective intent of the debtor.

Several of the factors noted in *Primestone* are present in this case. This case involves what is essentially a two party dispute between the Debtor and 4EverYoung and Marshall which can be resolved through the pending Utah Action. The Petition was filed on the eve of the scheduled trial date in the Utah Action in order to take advantage of the automatic stay. In addition, the allegations in 4EverYoung's Motion to Dismiss regarding the Debtor's

post-petition actions, if found to be true, suggest that the Debtor is seeking to further delay the sale of its assets and the resolution of the trademark ownership, resulting in detriment to the Debtor's creditors.

16. Alternatively, there is a basis for conversion of the case to chapter 7. Should the sale proceed as proposed, there will likely be little recovery for general unsecured creditors. A chapter 7 trustee would be in a position to pursue outstanding litigation, if appropriate, and administer the case for the benefit of creditors. Under these circumstances, this Court should exercise its discretion to either convert the Debtor's case to a case under chapter 7 or dismiss the case, whichever is in the best interests of creditors and the estate pursuant to 11 U.S.C. § 1112(b).

WHEREFORE, the U.S. Trustee requests that this Court issue an order converting or dismissing this case and/or granting such other relief as this Court deems appropriate, fair and just.

                                      Respectfully submitted,

                                      **ROBERTA A. DeANGELIS**
                                      **UNITED STATES TRUSTEE**

                              **By:**   */s/ Jane M. Leamy*
                                    Jane M. Leamy (#4113)
                                    Trial Attorney
                                    J. Caleb Boggs Federal Building
                                    844 King Street, Suite 2207, Lockbox 35
                                    Wilmington, DE 19801
                                    (302) 573-6491

Dated: November 10, 2014              (302) 573-6497 (Fax)